## ENGINEER KILLED IN A COLLISION.

### Circuit Court of Hamilton County.

CINCINNATI, HAMILTON & DAYTON RAILWAY CO. v. ISABELLA WOULFE, ADMINISTRATRIX.

Decided, July 27, 1912.

*Wrongful Death of a Locomotive Engineer—Fellow-Servant Doctrine Eliminated—Negligence—Railways.*

In an action for the wrongful death of a locomotive engineer, it will be presumed, in the absence of evidence to the contrary, that two trains were given the same track and came into collision, in obedience to orders to the switch tender from someone superior in authority to the engineer, and the question whether the engineer and switch tender were fellow-servants becomes immaterial.

*Waite & Schindel,* for plaintiff in error.
*Powell & Smiley,* contra.

The plaintiff below recovered a verdict of $8,000 for the death of her intestate, Thomas H. White, who was killed in a collision while engaged as an engineer on the defendant railway.

JONES, J.; SMITH, P. J., and SWING, J., concur.

We find no error in the proceedings below prejudicial to plaintiff in error.

The question as to whether decedent, White, and the switch-tender were fellow-servants was properly left to the jury and the jury correctly decided they were not fellow-servants. It is presumed in the absence of evidence to the contrary that the

switch was thrown in pursuance to orders from some one in authority and someone who was superior to the engineer and whose orders those in charge of the train were bound to obey.

In this view it is not material what the relation was between decedent and the switch-tender as the latter was the instrument only through which the orders of the dispatcher were carried into execution. To hold otherwise would mean that those in charge of the southbound train in this case, or any train, could not move the train unless orders to that effect were received by actual and direct communication with the dispatcher. This is the position the argument of plaintiff in error leads to and needs only to be stated to show its fallacy.

This point disposed of we feel that there is nothing more in the case. White was free from negligence and the company is liable in damages. Under proper instructions from the court the jury fixed the damage at an amount which to it seemed just and which we can not say is excessive.

Judgment affirmed.